**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **BRANDIE ANN ASTRAN,** | § | |
| **Plaintiff,** | § | |
| **V.** | § | |
| | § | |
| **AUSTIN POLICE DEPARTMENT,** | § | **A-25-CV-1781-RP-ML** |
| **PFLUGERVILLE POLICE** | § | |
| **DEPARTMENT, CITY OF AUSTIN,** | § | |
| **CITY OF PFLUGERVILLE, TRAVIS** | § | |
| **COUNTY MEDICAL EXAMINER** | § | |
| **OFFICE,** | § | |
| **Defendants.** | § | |

**ORDER ON *IN FORMA PAUPERIS* STATUS AND
REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS**

TO THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the court is Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 2). Because Plaintiff is requesting permission to proceed *in forma pauperis*, this court must review and make a recommendation on the merits of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e).

### I.     REQUEST TO PROCEED *IN FORMA PAUPERIS*

The court has reviewed Plaintiff's financial affidavit and determined Plaintiff is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the court hereby **GRANTS** Plaintiff's request for *in forma pauperis* status. The Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. §

1

1915(a). This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised, although Plaintiff has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this court has made a § 1915(e) review of the claims made in this complaint and is recommending Plaintiff's claims be dismissed with prejudice under 28 U.S.C. § 1915(e). Therefore, service upon Defendants should be withheld pending the District Judge's review of the recommendations made in this Report. If the District Judge declines to adopt the recommendations, then service should be issued at that time upon Defendants.

## II.    REVIEW OF THE MERITS OF THE CLAIM

### A.    Factual Background

Plaintiff Brandie Ann Astran asserts that her sister, Austin Police Department Officer Kristy Gale Astran, was found deceased in her home from a gunshot wound to the head. Plaintiff alleges Officer Astran had been sexually harassed and assaulted by fellow officers and had an upcoming meeting with an attorney to file a complaint against APD. Plaintiff further alleges APD, Pflugerville Police Department, and the Travis County Medical Examiner's Office did not properly investigate and covered up the true nature of Officer Astran's death.

Plaintiff's Complaint consists of a form document that indicates she asserts Title VII employment discrimination and Equal Pay Act claims. Dkt. 1. With that form, Plaintiff also submitted a typed summary of facts and allegations. That document references other alleged

violations by Defendants. That document also refers to various exhibits that are not attached to the Complaint.

### B.    Standard of Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the court is required by statute to review the Complaint.  Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.  A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327–28.

*Pro se* complaints are liberally construed in favor of the plaintiff.  *Haines v. Kerner*, 404 U.S. 519, 20–21 (1972).  However, *pro se* status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

### C.    Discussion

After reviewing the Complaint, Dkt. 1, it was unclear to the undersigned what specific causes of action Plaintiff seeks to assert against the named Defendants. Additionally, it was unclear whether Plaintiff is the proper person to assert any claims on Officer Astran's behalf that

may have survived her death. The undersigned ordered Plaintiff to submit a more definite statement addressing:

(1) Why she is the proper person to assert any claims on Officer Astran's behalf. Plaintiff should include whether Officer Astran's parents are still living; whether Officer Astran was married at the time of death; whether Officer Astran has any living children and, if they are minors, whether she is their guardian; and whether an executor of Officer Astran's estate has been appointed.
(2) What specific claims she asserting against the Defendants;
(3) Any other information that Plaintiff considers important to this case.
Plaintiff should also attach any exhibits referenced in the Complaint to the More Definite Statement. If she cannot do so, she should explain why.

Dkt. 5. Plaintiff was warned that failure to comply with the court's order would result in dismissal of her Complaint. *Id*.

Plaintiff filed a More Definite Statement, but she did not address the court's concerns. Dkt. 7. Plaintiff's More Definite Statement mostly restates her Complaint. Plaintiff did not make clear what specific claims she seeks to assert against the Defendants. *Id*. Plaintiff does state she is Officer Astran's only living full-blooded sibling. *Id*. at 10. However, she also indicates that Officer Astran also has a half-brother and that Officer Astran had children. *Id*. She does not state that she is Officer Astran's children's guardian. She appears to state that Officer Astran's half-brother and a non-blood related Uncle received money under Officer Astran's life insurance policy. *Id*.

She states, "You allowed me to be hunted down with no protection, so [Officer Astran's half-brother] and [Uncle] could attempt to cash in on her 2 million dollar policy." *Id*. She further states, "I will not provide you with any exhibits or evidence until we go to court." *Id*. at 11.

Plaintiff's asserted facts—that Officer Astran was murdered and her organs removed to cover the fact that she had been raped by multiple Austin police officers and that APD and the Travis County Medical Examiner then covered up her murder—describe "fantastic or delusional

4

scenarios." *Neitzke*, 490 U.S. at 327. Moreover, even if what Plaintiff alleges has any grain of truth, she has not shown that is the legally proper person to assert any claims that may have survived Officer Astran's death. Accordingly, the undersigned will recommend the Complaint be dismissed as frivolous.

### III.        ORDER AND RECOMMENDATIONS

The Magistrate Judge hereby **GRANTS** Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 2). The Magistrate Judge **RECOMMENDS** the District Judge **DISMISS WITH PREJUDICE** Plaintiff's cause of action pursuant to 28 U.S.C. § 1915(e)(2)(B).

The referral of this case to the Magistrate Judge should now be **CANCELED**.

### IV.        WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

SIGNED March 9, 2026.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE

6